CORINNE HOWARD EDWARDS *vs.* AMIDA H. PACKARD ET ALS.

Knox.    Opinion April 4, 1930.

*Frank H. Ingraham,* for plaintiff.
*Edward K. Gould,*
*Frank A. Tirrell, Jr.,*
*Clifford A. Kingsley,* for defendants.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, FARRINGTON, JJ.

STURGIS, J.    Bill in Equity to construe and interpret the will of Liller J. Small Foudray, late of Rockland, deceased. The case comes forward on Report to be finally decided on so much of the evidence as is legally admissible.

The provisions of the will necessary to be construed, numbered as they are paragraphed, are as follows:

(1) First — I wish my property inherited from my dear Father Capt. Andrew Jackson Small, deposed of in such a way that it need never be sold. I wish the rents to be collected

by Corine Howard, and if I or not have any children Corine Howard is to use 30.00 per month as long as she lives for them and her support and no one else. And should she die before I do one of the Tipton girls from Hillsboro Oregon is to take her place and have the same as she (Corine Howard) if she takes it. Failing thos fist two Madora Kenderson takes their place. Second — I wish Corine Howard to give Madora Kenderson $50.00 per year for 5 years and it is be put in the Rockland Trust Co. for her or her heirs until ten years have passed then she can draw it out with interest, but should such a thing happen that she should need it before the ten years are up, she is to have it with Corine Howard's concent or . . . Tiptons (Whichever the case may be).

(2) If I die before my Uncle Capt L L. Whitten, he is to have a home in my house in the room he has always occupied and is to be bought all he needs to eat and clothing to keep him warm, as long as he lives.

(3) $50.00 per year is to go to Corine Howard if she servives me, as long as she shall live. No other relation has any claim on me or my property after my Uncles death. L. L. Whitten. And no one has any right to interfere.

(5) At the end of 10 years the City is to have One hundred dollars to take care of my lot at Achorn cemetary, and at the end of 20 years they are to have 175.00 for perpetual care and a marble or granite slab is to be put on the lot to that effect, this will be paid in installments in as much as Corine Howard sees fit to spare.

(7) . . . Corine Howard is to live in my house and use it as if it were her own and bring up my children. if I have any, and should they marry she is to let them live in one part of it and she in the other as long as they shall live. And likewise . . . if Corine should die first.

(8) But the property is always to remain in my name Taxes and repairs to be paid by Corine Howard as long as she lives and all rents that can be got out of the property that she has, above the sums named are to be used for repairs to keep the building up and well painted. . . .

(9) . . . And when all are dead that are mentioned in this will, the House will be used for an old man and childrens house or home and be called the Liller J. Small Foudray Home for Children and Old Men. and the property on Main street is to pay for keeping it and if any of the children of these people mentioned in this will live they are to take charge of the home if they so desire.

(10) The land is never to be sold and always be known as mine, if the property on Main St. burns down and the land can be leased for enough to support the home it will be still called Small Foudray Land.

(Codicel)

(11) In any event event the land can never be sold if money can be hired to build a brick block on the front in memory of my Father must be put Property one owned by Capt. Andrew Jackson Small decending to his onld child.

Liller J. Small Foundray this property is in memory of both.

The testatrix at her decease owned two parcels of real estate, a homestead at the corner of Crescent and Pacific Streets and a store property numbered 340 and 342 on Main Street, both in the city of Rockland. The homestead is the house repeatedly referred to in the will and eventually to be used as a Home as provided in the ninth paragraph. The property on Main Street is that referred to as inherited from the testatrix's father, Capt. Andrew Jackson Small.

The Court is asked to determine what estate the plaintiff, the "Corine Howard" of the will, has in the Main Street property left by the testatrix. If in trust, upon what uses and trusts? If not in trust, what estate is created?

It is needless to say that the will is unskillfully drawn and lacks the clarity and consistency of expression desirable in so important a writing. The right remains to all persons, however, to make their own wills and select their own scriveners. If doubt and ambiguity result, the discovery of intention may be more difficult, but ascertained, if no rule of law or public policy be violated, it must be given effect. *Belding* v. *Coward*, 125 Me., 305; *Church* v. *Fairbanks*, 124 Me., 187. This intention must be collected from the

language of the whole instrument interpreted with reference to the avowed or manifest object of the testatrix, with each part of the will construed with relation to the language used in all others. *Bodfish* v. *Bodfish*, 105 Me., 166; *Wentworth* v. *Fernald*, 92 Me., 282.

Looking thus to the four corners of this will, it seems clear that the predominating intention of this testatrix, underlying all her testamentary provisions, was, with an incidental charitable, and benevolent purpose, to perpetuate her own memory and that of her father, eventually establishing permanent memorials in the Home for Children and Old Men at her homestead, and in her Main Street property, the latter to be known as the "Small Foudray Land" if without buildings, but, if rebuilt, appropriately inscribed as provided in the eleventh paragraph.

This predominating intention, however, was not to be carried into effect immediately. The establishment of the Home was postponed. It is only "when all are dead that are mentioned in this will" that the house was to be used for a Home and "the property on Main street is to pay for keeping it."

Until then "Corine Howard," as the plaintiff in this Bill is called in the will, if she survives the testatrix (which she did) is charged with the care of these properties to be dealt with for the benefit of herself and others. To Miss Howard is committed the care of the testatrix's children, if she had any, with use of the house for that purpose and her own benefit, and $30 a month for her own and the children's support. An uncle, Capt. L. L. Whitten, is given the use of the room already occupied by him in the house, and is to be furnished with food and clothing as long as he lives. We have no doubt the duty of furnishing this bounty is also imposed upon Miss Howard.

It was the testatrix's wish that Miss Howard give Madora Kenderson $50 a year for five years, depositing the money in the Rockland Trust Co., not to be withdrawn for ten years unless, Miss Howard consenting, the beneficiary's need made it necessary. At the end of ten years the city of Rockland is to have $100 for the care of the cemetery lot and at the end of twenty years $175 more for perpetual care and a monument. These moneys are to be

paid in "installments in as much as Corine Howard sees fit to spare." To Miss Howard herself is to go $50 per year as long as she lives, this being in addition to the $30 each month given to her in the first paragraph of the will for her support and for the children of the testatrix.

The Main Street property is not in terms devised to Miss Howard and yet the will permits only of the interpretation that it was intended that she should have possession of it, with sole control and responsibility for its upkeep and management. There was no personal property with which to pay bequests. Rentals from the store property are the only moneys available for that purpose. These were to be collected by Miss Howard, and the implication is clear that, as "the property on Main street is to pay for keeping" the Home when that is established, until that time, from the rentals of the store property, Miss Howard is to pay bequests.

We are unable to find within the length and breadth of the will language or fair implication indicating an intention on the part of the testatrix to confer any beneficial interest in the Main Street property upon Miss Howard except as it is the source of funds from which provisions for her benefit are to be paid. It is our conclusion that she takes this property in trust. It is unimportant that the word "trust" does not appear. Technical language is unnecessary. Nor is it necessary that the testatrix should have had in her mind the idea of a trust *eo nomine*. It is sufficient if she intended that her will should follow her property after her death and control or limit its use. *Clifford* v. *Stewart*, 95 Me., 47. An expressed equitable obligation rests upon Miss Howard by reason of the confidence imposed in her by Mrs. Foudray to apply and deal with the property in question for the benefit of herself and others according to the terms of the will expressing this confidence. This constitutes a Trust as defined in 8 Words and Phrases (First Series), 7119 et seq; 27 Am. & Eng. Encyc. 1st Ed., 3; 1 Perry on Trusts, 2; *McCreary* v. *Gewinner*, 103 Ga., 528. It is not defeated by precatory words.

Nor is the estate of Miss Howard other than that of a trustee for failure of an express devise. The estate of a trustee is measured, not by words of inheritance or otherwise, but by the object and

extent of the trusts upon which the estate is given. To effect the intention of the testatrix, the Court will imply an estate in the trustee sufficient for the purposes of the trust though, in words, no estate is given. *Deering* v. *Adams*, 37 Me., 264, 274; *Slade* v. *Patten*, 68 Me., 380; *Hersey* v. *Purinton*, 96 Me., 171; 1 Perry on Trusts, Sec. 313, et seq.

As the will was executed, the uses and trusts to be executed are clearly defined and require no interpretation. Uncertainty arises from changes in conditions not contemplated by the donor. No children survived the testatrix, and her uncle, Capt. L. L. Whitten, died before she did. The trustee has no duty as to them. But the house eventually to be a Home by the terms of the will, has been sold by the Administrator c. t. a. under license of the Probate Court. When and for what purpose the sale was made does not appear. It must be assumed to have been made under R. S., Chap. 76, Sec. 1, for only under this statute can a decree licensing an Executor or Administrator to sell real estate of the deceased be justified. *Snow, Appellant*, 96 Me., 570, 573.

The present and immediate effect of the sale of the house is to remove the burden of its support from the Main Street property, permitting an application of all net rentals to the payment of bequests not yet satisfied and to the maintenance of the store property itself. And it appearing that it has been necessary for the trustee to borrow money to pay for taxes and repairs, rentals, not needed for bequests and current maintenance of the store property, may be used in the future as in the past to repay such loans. If money from rentals not needed for the foregoing purposes accumulate, they must be held by the trustee in manner and form as a Court of Equity or the Probate Court, having jurisdiction of the estate, shall direct, subject as necessary to the uses already specified.

So far as this record discloses, the Trust must continue and be thus executed during the life of the plaintiff, "Corine Howard." No reason appears in the case submitted for its earlier termination. On the death of Miss Howard, however, if any bequest, other than to her, remain unsatisfied, a new trustee must be appointed.

We think the trust must fail, however, as to the Home for

Children and Old Men. We are unable to discover evidence of a general charitable intent on the part of this testatrix. Her charitable purpose was limited to the house which constituted the primary subject of her bounty. It was linked with a predominating purpose to make that house and the business property on Main Street a memorial. A general provision for children and old men seems quite beyond her contemplation. When the purposes of the trust created by this will, other than the establishment of the Home, have been accomplished, the property here in controversy, will pass to the next of kin as intestate property. The opinion of this court in *Gilman* v. *Burnett*, 116 Me., 382, supports this conclusion.

A decree below will be entered in accordance with this opinion.

*So ordered.*